AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 21-SW-59
)
THE PERSON OF ANTOWAN HAGAN )
aka ANTOWAN HAGANS, B/M )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

ANTOWAN HAGAN aka ANTOWAN HAGANS, B/M, ▮▮▮▮▮▮▮▮▮▮

located in the _____ District of _____Columbia_____, there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |

The application is based on these facts:
SEE AFFIDAVIT

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Detective Jayme Kingsley, MPD
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____Telephone_____ *(specify reliable electronic means)*.

Date: 03/03/2021

*Judge's signature*

City and state: Washington, D.C.   Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE PERSON OF ANTOWAN HAGAN<br>aka ANTOWAN HAGANS, B/M | Case No. 21-SW-59 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of Columbia
*(identify the person or describe the property to be searched and give its location)*:

ANTOWAN HAGAN aka ANTOWAN HAGANS, B/M, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who is in custody of law enforcement.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before    March 16, 2021    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Zia M. Faruqui U.S. Magistrate Judge    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  03/03/2021
                                                                                           *Judge's signature*

City and state:   Washington, D.C.                         Zia M. Faruqui, United States Magistrate Judge
                                                                                    *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>21-SW-59 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |
| **Certification** | | |

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                    *Executing officer's signature*

                                                    *Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A SEARCH          Case No. 21-SW-59
WARRANT FOR THE PERSON OF
ANTOWAN HAGAN aka ANTOWAN
HAGANS, B/M

AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Jayme Kingsley, a Detective with the Metropolitan Police, hereinafter the Affiant, being duly sworn, deposes and states as follows:

**AGENT BACKGROUND**:  I am a detective with the Metropolitan Police Department (MPD), currently assigned to the Felon in Possession Task Force.  I have been a member of MPD for approximately seven and a half (7.5) years.  I have been with the Felon in Possession Task Force for approximately two (2) years. I have been a detective for approximately two and a half (2.5) years. I have participated in numerous cases involving the recovery of firearms.  I am familiar with firearms and firearms law in the District of Columbia.

**SUBJECT: For the person of ANTOWAN HAGAN aka ANTOWAN HAGANS, B/M,** ███████████████████████.

**INVESTIGATION:**

On Saturday, February 27, 2021, at approximately 5:00 p.m., members of the Metropolitan Police Department (MPD) Gun Recovery Unit (GRU) were on patrol when they observed a group of individuals standing on the east side of the street in the 1100 block of 1st Street Northwest in Washington, D.C. The individuals appeared to be playing a game of chance on a table in the block. As officers were noticed, one individual in the group yelled "feds" to alert the others in the block. Officers observed an individual, later identified as Antowan Hagan (Defendant Hagan), look at the officers in the vehicle and turn his body away from officers while separating himself from the group of individuals. Defendant Hagan pressed his right arm to his body, then his shoulder was making an up and down motion as if he was attempting to grasp something in his pelvic area unsuccessfully. Officer Jones got out of the vehicle to attempt to make contact with Defendant Hagan, who immediately took off running. While running, Officer Jones observed Defendant Hagan to be constantly tugging on his waistband with his right arm. Other officers were closing in on Defendant Hagan from the other side when the defendant ducked behind a dark in color vehicle by the driver side door. Officer Jones believed that Defendant Hagan may be attempting to pull a weapon from his waistband. Officer Tipps observed Defendant Hagan remove an object from his waistband, and discard it under the left front tire of the dark vehicle. Defendant Hagan then attempted to run again, but was apprehended by officers. Officer Tipps searched the area of the vehicle where he saw Defendant Hagan discard an object and observed a firearm on the ground next to the left front tire underneath the vehicle. Defendant Hagan was placed under arrest.

1

The recovered firearm was determined to be a Ruger LCP, .380 caliber semiautomatic handgun with a serial number of 372175764. When it was recovered, it had one (1) round in the chamber and five (5) rounds in an unknown capacity magazine. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce.

A criminal history check of Defendant Hagan through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the Superior Court for the District of Columbia for Armed Robbery, case number 2015 CF3 11970. The defendant was sentenced to sixty (60) months of incarceration for this conviction. The defendant is still on supervision for this conviction. This conviction in the Superior Court for the District of Columbia was under the Youth Rehabilitation Act; however, it was not successfully completed and the defendant did not receive the benefits of the Youth Rehabilitation Act for this conviction. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

Defendant Hagan is in custody of law enforcement in the District of Columbia.

The defendant's arrest occurred during the COVID-19 health emergency. This emergency resulted in significant changes to the day-to-day operations of the Central Cell Block, the D.C. Jail, the United States Marshal's Service, the U.S. District Court, and the U.S. Attorney's Office. Due to these changes as well as heightened concerns for the well-being of law enforcement officers, arrestees, and employees of the Department of Forensic Sciences, a buccal swab warrant was not obtained and a buccal swab was not taken at the time of the defendant's arrest. Your affiant is completing the follow up investigation on this case.

As is noted above, in the context of investigating this crime, officers recovered a Ruger LCP, .380 caliber semiautomatic handgun with a serial number of 372175764. Based upon your Affiant's training and experience in the recovery of firearms in similar circumstances, this firearm likely contains DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

Based upon the facts of the case, there an evidentiary nexus between the recovered firearm and the individual whose DNA is sought, as it was recovered from the ground in the area of the left front tire of a dark in color vehicle where the defendant was seen removing an object from his person while attempting to flee from law enforcement on foot. This firearm will be swabbed for potential DNA, consistent with the policies of the Metropolitan Police Department and the D.C. Department of Forensic Sciences ("DFS"). This firearm is awaiting testing at the DFS laboratory, the Federal Bureau of Investigation Forensics Laboratory or other accredited forensic laboratory. The government now seeks to obtain a saliva sample from the defendant to compare the defendant's DNA to the DNA found on this firearm. A match between the defendant's DNA and the DNA on the firearm would make a fact of consequence in this case – the defendant's unlawful possession of the firearm – more or less probable.

**PROBABLE CAUSE:**

There is probable cause to search the defendant for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime. The firearm recovered likely contains DNA. The firearm will be swabbed for DNA, and the government plans to test the evidence for DNA upon receipt of the defendant's DNA. A match between the defendant's DNA and DNA on the firearm would make it more or less probable that defendant committed the crime of unlawful possession of the firearm.

There is probable cause to search the defendant for his saliva sample as it is evidence of the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Therefore, I respectfully request that a search warrant be issued permitting members of the Metropolitan Police Department, members of the Federal Bureau of Investigation and/or the D.C. Department of Forensic Sciences to take a buccal swab from Defendant Antowan Hagan also known as Antowan Hagans.

Date: March 3, 2021

Detective Jayme Kingsley, Badge #D2-1423
Metropolitan Police Department

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 3, 2021.*

ZIA M. FARUQUI,
MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA